Adam R. Alper (SBN 196834)
Sarah E. Piepmeier (SBN 227094)
Robert Kang (SBN 274389)
May Eaton (SBN 298123)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
sarah.piepmeier@kirkland.com
robert.kang@kirkland.com
may.eaton@kirkland.com
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
michael.devries@kirkland.com
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NETFUEL, INC., | CASE NO. 5:18-cv-2352-EJD |
| *Plaintiff*, | **CISCO SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WILLFUL AND PRE-SUIT INDUCED INFRINGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| CISCO SYSTEMS, INC. | |
| *Defendant*. | |
| | [Fed. R. Civ. P. 12(b)(6)] |
| | Complaint Filed: April 18, 2018 |
| | Judge:    Hon. Edward J. Davila<br>Hearing:  September 27, 2018<br>Time:     9:00 a.m. |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................................. 1

STATEMENT OF RELIEF REQUESTED ........................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES........................................................................ 1

    I.    INTRODUCTION.................................................................................................................... 1

    II.    STATEMENT OF RELEVANT FACTS............................................................................... 2

        A.    Actions Before Any Asserted Patent Issued: 2001-2010........................................... 2

        B.    Actions from Patent Issuance: 2010-Present............................................................. 4

    III.    LEGAL STANDARDS .......................................................................................................... 4

    IV.    NETFUEL'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED ........... 6

        A.    Plaintiff Fails to Sufficiently Plead *Pre-Suit* Willful Infringement .......................... 6

        B.    Plaintiff Fails to Sufficiently Plead *Post-Filing* Willful Infringement .................... 8

    V.    ANY PRE-SUIT INDUCED INFRINGEMENT CLAIMS SHOULD BE DISMISSED ..... 9

    VI.    CONCLUSION ....................................................................................................................... 9

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................4, 6, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................4, 6, 8

*Emazing Lights, LLC v. De Oca*, No. SACV 15-1561-AG(EX),
  2016 WL 7507765 (C.D. Cal. June 20, 2016) .................................................................6, 8

*Finjan, Inc. v. Cisco Systems Inc.*,
  No. 17-cv-72-BLF, 2017 WL 2462423 (N.D. Cal. 2017) ........................................2, 5, 6, 8

*Global–Tech Appliances, Inc. v. SEB S.A.*,
  131 S.Ct. 2060 (2011) ..................................................................................................6, 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  __ U.S. __, 136 S.Ct. 1923 (2016) ............................................................................. *passim*

*Longitude Licensing v. Apple Inc.*,
  No. C-14-04275-EDL, 2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) .............................5, 7

*MasterObjects, Inc. v. Google, Inc.*,
  No. C 11-1054 PJH, 2013 WL 12177460 (N.D. Cal. May 2, 2013) .................................5, 6

*Sealant Systems Intern., Inc. v. TEK Global*,
  No. 11-CV-1649 PSG, 2012 WL 13662 (N.D. Cal. Jan. 4, 2012) ...............................5, 6, 7

*Slot Speaker Technologies, Inc., v. Apple, Inc.*,
  13-cv-01161-HSG, 2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) ..................................6, 8

*Spherix Inc. v. Cisco Sys., Inc.*,
  No. 14- 393-SLR, 2015 WL 1517435 (D. Del. Mar. 31, 2015) ..........................................5

*State Industries, Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ...........................................................................................5

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016) ........................................................................................5, 6

*William Grecia v VUDU, Inc.*,
  2015 WL 538486 (N.D. Cal. Feb. 9, 2015) ...........................................................................9

*Windy City Innovations, LLC v. Microsoft Corp.*,
  193 F. Supp. 3d 1109 (N.D. Cal. 2016) ............................................................................4, 5

**Statutes**

35 U.S.C. §§ 101, *et seq.* ...................................................................................................1

35 U.S.C. § 122(b)(2)(B)(i) ................................................................................................7

**Rules**

Federal Rules of Civil Procedure 8 .....................................................................................1

Federal Rules of Civil Procedure 12(b)(6) .................................................................4, 6, 8

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 27, 2018 at 9:00 a.m., in Courtroom 4, 5th Floor, United States District Court for the Northern District of California, San Jose Courthouse, 280 South First Street, San Jose, CA 95113, Defendant Cisco Systems, Inc. ("Cisco") shall and hereby does move for an order dismissing the claims of willful infringement and any claims of pre-suit induced infringement in the Complaint filed by Plaintiff NetFuel, Inc. ("NetFuel"). This motion is supported by the following Memorandum of Points and Authorities and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

**STATEMENT OF RELIEF REQUESTED**

Defendant Cisco Systems, Inc. ("Cisco") seeks an order dismissing NetFuel's willful infringement allegations and any pre-suit induced infringement allegations pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether NetFuel's Complaint fails to state a claim under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*, for willful infringement because it fails to allege facts sufficient to show Cisco's willful infringement of U.S. Patent Nos. 7,747,730 ("the '730 Patent") or 9,663,659 ("the '659 Patent") (collectively "Patents-in-Suit") and pre-suit inducement of infringement.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Cisco moves to dismiss Plaintiff's allegations of willful infringement because they are insufficient as a matter of law to support such a claim. The Supreme Court has carefully elucidated a standard for willful infringement, which is reserved for "egregious infringement behavior" that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, __ U.S. __, 136 S.Ct. 1923, 1932 (2016) ("*Halo*"). Of course, two necessary prerequisites to "egregious infringement behavior" are patents that exist and knowledge of those patents—one cannot flagrantly infringe a patent without knowing it exists, and much less before it has even issued.

1   Here, Plaintiff's willfulness allegations fail for at least two reasons: (1) Plaintiff does not allege either pre-suit knowledge of the Patents-in-Suit or pre-suit "egregious infringement behavior," and (2) Plaintiff points to no "egregious infringement behavior" that occurred after Cisco had knowledge (via service of the Complaint). As to the first point, Plaintiff alleges that Cisco actually learned of the asserted patents when the Complaint was served, and it is a truism that without knowledge of a patent, there can be no willful infringement. As such, all of the alleged pre-suit "bad acts" of which Plaintiff complains are wholly irrelevant to the willfulness analysis, and there can be no pre-suit willful infringement.

As to the second point, Plaintiff has not alleged any egregious infringing acts after Cisco received knowledge of the patents by virtue of the Complaint. Indeed, Plaintiff alleges only that Cisco has continued with routine sales of the accused products, which is insufficient as a matter of law to constitute culpable infringing conduct—declining to pull the accused products from the market after being served with a patent infringement complaint simply does not rise to the level of "egregious infringement behavior" necessary to meet the Supreme Court's *Halo* standard.

Accordingly, Plaintiff's allegations are insufficient as a matter of law to plead a claim of willful infringement against Cisco and should be dismissed, along with its Prayer for Relief based on these allegations. *See, e.g.*, *Finjan, Inc. v. Cisco Systems Inc.*, No. 17-cv-72-BLF, 2017 WL 2462423, at *5 (N.D. Cal. 2017) (granting motion to dismiss willfulness claim that did not plead "sufficient factual allegations to make it plausible that Cisco engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*").

**II.    STATEMENT OF RELEVANT FACTS**

Plaintiff alleges that Cisco directly infringes and induces infringement of the '730 and '659 patents. Plaintiff also alleges that Cisco willfully infringes both patents. The allegations that Plaintiff appears to contend are relevant to its assertions of willful infringement are set forth below:

**A.    Actions Before Any Asserted Patent Issued: 2001-2010**

September 2001: Plaintiff alleges that "Cisco personnel or affiliates were made aware of" the technology of named inventor James Harlow in September 2001, when he gave a presentation at a meeting of the One-Pair Ether-Net Special Interest Group ("OpenSig") at Imperial College of London,

which allegedly described "the use of software agents in network operating systems." Complaint ¶ 47. Plaintiff alleges "[t]he presentation made by Mr. Harlow indicated that he was in the process of seeking a patent on his technology." *Id.* Plaintiff further alleges that Dr. Morris Sloman and Dr. Jon Crowcroft attended the meeting, but does not allege that either were employed by Cisco at the time of the conference. Instead, Plaintiff alleges that Dr. Crowcroft "served on Cisco's editorial advisory board beginning in June 2001" and that Dr. Sloman "became a principal investigator for Cisco" six months after the conference. *Id.* There is no allegation that Mr. Harlow described any details of the patented invention or showed anyone a draft of that application. And neither of the applications for the Patents-in-Suit had been filed at that time. *Id.* ¶¶ 9–10.

Late 2001: Plaintiff alleges that a *NetFuel engineer*, Jian "Jerry" Zhong, and two other *NetFuel employees* stole "NetFuel's codebase and marketing presentations." Complaint ¶ 46 (emphasis added). Plaintiff further alleges that Mr. Zhong was, at that time, aware of an unfiled draft patent application. *Id.* Plaintiff does not allege that Mr. Zhong ever saw the application, much less that he stole it. Rather, Plaintiff avers that "Mr. Zhong was then married to a former Cisco employee, Lan Zhang," and "[u]pon information and belief, Mr. Zhong shared the stolen information with Ms. Zhang, who frequently used Mr. Zhong's NetFuel-provided laptop at home." *Id.* The allegation that Mr. Zhong shared the laptop with Ms. Zhang is purely hypothetical, and Plaintiff pleads no plausible facts to support this assumption. There is also no allegation that Ms. Zhang took any action up on allegedly seeing this laptop, or that she was involved in any capacity with the products accused of infringement. *Id.* And again, neither of the applications that resulted in the Patents-in-Suit had even been filed at this point.

June 28, 2002: Applicant filed the application for the '730 Patent (*id.* ¶ 9) and included a non-publication request.

Early 2003: Plaintiff alleges that, at a meeting arranged by a former Cisco employee, Anson Chen, "Mr. Harlow and his business partner in NetFuel met with Dave Ward," a Cisco employee. *Id.* ¶ 44. At the meeting, Mr. Harlow purportedly gave a presentation on "the use of software agents to partially automate certain network-management functions," "disclosed that he was in the process of seeking patent protection for his technology," and displayed the September 2001 OpenSig presentation materials. *Id.* Plaintiff does not allege that Mr. Harlow or his business partner showed the patent

application to Mr. Ward or Mr. Chen.  And at the time of this meeting, only one of the two Patents-in-Suit, the '730 Patent, had even been filed, but the application had not published, much less issued.

<u>Mid 2000s</u>: According to the Complaint, Mr. Harlow met with former Cisco employees Charles Giancarlo and Anson Chen, and former Cisco board member Bob Puette, at Mr. Puette's residence to discuss "potential ways to license, fund, or otherwise work with NetFuel's technology." *Id.* 45.  At a meeting that purportedly occurred in July 2007, "Mr. Giancarlo inquired about NetFuel's intellectual property protections, and Mr. Harlow indicated that his patent application had been pending for several years." *Id.*  Plaintiff does not allege that Mr. Harlow showed the patent application to Mr. Giancarlo or Mr. Chen.  Again, neither patent had issued by this point, and only the '730 Patent, had even been filed, but still had not been published.  *Id.* ¶¶ 9, 10.

### B. Actions from Patent Issuance: 2010-Present

<u>June 29, 2010</u>: The '730 Patent issued.  *Id.* ¶ 9.

<u>October 10, 2012</u>: Applicant filed the application for the '659 Patent.  *Id.* ¶ 10.

<u>May 30, 2017</u>: The '659 Patent issued.  *Id.* ¶ 10.

<u>April 18, 2018</u>: Cisco received notice of the '730 and '659 patents through NetFuel's filing of the Complaint.  *Id.* ¶ 48.

<u>April 18, 2018–Present</u>: Cisco continues to sell the accused products.  *Id.* ¶ 65.

## III. LEGAL STANDARDS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Such a dismissal is proper where, as here, there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1112 (N.D. Cal. 2016).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

The Supreme Court has explained that willful infringement is reserved for "egregious infringement behavior" that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S.Ct. at 1932.  In order to plead willful infringement, a plaintiff must allege facts supporting its contention that defendant (1) knew about the patents, and (2) subsequently engaged in egregious infringing behavior.  *See Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (granting motion to dismiss willful infringement claims because plaintiff "failed to make sufficient factual allegations that it had pre-suit knowledge of the Asserted Patents or that Cisco's behavior was 'egregious ... beyond typical infringement.'" (quoting *Halo*, 136 S. Ct. at 1936)).

Just as before the Supreme Court's decision in *Halo*, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."  *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).  Knowledge of a patent obviously requires that it exist: "[t]o willfully infringe a patent, a patent must exist and one must have knowledge of it."  *Sealant Systems Intern., Inc. v. TEK Global*, No. 11-CV-1649 PSG, 2012 WL 13662, at *2 (N.D. Cal. Jan. 4, 2012) (quoting *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)); *see also MasterObjects, Inc. v. Google, Inc.*, No. C 11-1054 PJH, 2013 WL 12177460, at *1 (N.D. Cal. May 2, 2013) (denying motion for leave to file fourth amended complaint based on allegations of knowledge *before* the application issued as a patent).  Notably, even knowledge of a patent *application* is not sufficient to meet this standard.  Because the claims of a patent application are not finalized until it issues as a patent, "[w]hat the scope of claims in patents that do issue will be is something totally unforeseeable."  *MasterObjects*, 2013 WL 12177460, at *1 (quoting *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)).  Indeed, post-*Halo* case law confirms that allegations of knowledge of a patent application are insufficient to allege pre-suit knowledge of the patent.  *See Windy City*, 193 F. Supp. 3d at 1117 (dismissing willful infringement claims where plaintiff's only pre-suit knowledge allegations were communications regarding the patent *application* of the '356 patent and a non-asserted patent).  Similarly, allegations relating to knowledge of a patent *portfolio* are insufficient to demonstrate knowledge of a patent.  *See e.g., Longitude Licensing v. Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015); *see also Spherix Inc. v. Cisco Sys., Inc.,* No. 14- 393-SLR,

2015 WL 1517435, at *2 (D. Del. Mar. 31, 2015).  Knowledge of the asserted patent is similarly required for induced infringement.  *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011).

Further, the *Halo* "egregious infringement behavior" standard requires more than formulaic pleading, and the conduct complained of must occur after knowledge of the patent.  *See Finjan*, 2017 WL 2462423 at *5; *Emazing Lights, LLC v. De Oca, No. SACV 15-1561-AG(EX)*, 2016 WL 7507765, at *2 (C.D. Cal. June 20, 2016) ("'A 'bare recitation of the required legal elements for willful infringement' or a 'mere allegation, without more' that the Defendants knew of the patents-in-suit will not survive a Rule 12(b)(6) motion.'") (citing pleading standards set forth in *Twombly*, 550 U.S at 570, and *Iqbal*, 556 U.S. at 678).  To survive a motion to dismiss, a plaintiff asserting willful infringement must allege facts beyond an allegation that a defendant was aware of the patents but nonetheless continued to sell an infringing product.  *See Slot Speaker Technologies, Inc., v. Apple, Inc.*, 13-cv-01161-HSG, 2017 WL 4354999, *2 (N.D. Cal. Sept. 29, 2017) (granting defendant's motion to dismiss willful infringement claim because the plaintiff did not plead any other factual allegations regarding the nature of the defendant's conduct except for ongoing sales).

## IV. NETFUEL'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED

### A. Plaintiff Fails to Sufficiently Plead *Pre-Suit* Willful Infringement

As the Federal Circuit and this Court have repeatedly explained, an accused infringer must have knowledge of the asserted patents to be liable for willful infringement.  *See Sealant Sys.,* 2012 WL 13662, at *2 ("[t]o willfully infringe a patent, a patent must exist and one must have knowledge of it.")  Knowledge of a patent *application*, even if properly alleged, is similarly insufficient: "Merely providing notice that applications are pending is not sufficient because [f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents."  *Id.*; *see also WBIP,* 829 F.3d at 1341; *MasterObjects*, 2013 WL 12177460, at *1.  Here, as detailed in Section II.A above, NetFuel does not allege that Cisco had knowledge of either patent before the Complaint giving rise to this action was served.  Indeed, the descriptions of allegedly suspect conduct by people—most of whom were not even employed by Cisco, and much of which is pled on information and belief—are completely irrelevant to willfulness as a matter of law because every single action occurred before either

patent issued. In short, because neither of the Patents-in-Suit existed at the time of any of alleged activity, NetFuel has failed to state a claim for willfulness based on pre-suit knowledge of the (then non-existent) Patents-in-Suit.

Even if pleading knowledge of a pending application were not insufficient to state a claim for willful infringement, NetFuel still fails even to allege that any person affiliated with Cisco even saw either pending application. None of the purported interactions include any allegations of notice of the specific pending application for the '730 Patent, and the application was not published until it issued as the '730 Patent in 2010.[1] Further, none of the allegations regarding interactions between named inventor Mr. Harlow and any Cisco-affiliated individual, even if taken as true, amount to anything more than a general awareness that Mr. Harlow was in the process of procuring some kind of patent protection. Generic allegations of this nature are insufficient to plead knowledge of a specific patent for purposes of willfulness, particularly where neither of the Patents-in-Suit had issued yet, and one or both of the patent applications had not even been filed. *See Longitude Licensing*, 2015 WL 1143071, at *2; *see also Sealant Sys.*, 2012 WL 13662, at *2.

NetFuel's willfulness claim fails not only because it cannot plead pre-suit knowledge of either Patents-in-Suit, but also because it fails to sufficiently plead the "egregious *infringement* behavior" required by the Supreme Court. *Halo*, 136 S.Ct. at 1932. Of course, Cisco's activities before the patents even issued are irrelevant to this inquiry because it is impossible to infringe a patent that does not exist, much less to do so "egregiously." And Plaintiff pleads no allegedly culpable conduct between patent issuance and Cisco's actual notice of the asserted patents (*see* Section II.A), and it is impossible to culpably infringe a patent of which one is ignorant.

As such, because NetFuel has failed to allege pre-suit knowledge or "egregious infringement behavior," its claim of willful infringement must be dismissed as to pre-suit activities.

---

[1] The '730 Patent application was filed with a non-publication request. When a patent application is filed with a non-publication request, it is not published unless and until it issues as a patent. 35 U.S.C. § 122(b)(2)(B)(i). The '730 Patent issued June 29, 2010. Complaint ¶ 9.

### B. Plaintiff Fails to Sufficiently Plead *Post-Filing* Willful Infringement

NetFuel's post-filing willfulness claim must also be dismissed because NetFuel fails to plead any "egregious infringing behavior" that occurred after the Complaint was filed. As the *Finjan* court held in a detailed decision analyzing similar facts and striking a willfulness claim, mere knowledge of a patent is not enough to sustain a willfulness claim. *Finjan*, 2017 WL 2462423 at *5 (citing *Halo*, 136 S. Ct. at 1936). The *Finjan* court underscored *Halo's* emphasis on "egregious" infringing behavior, explaining that to state a claim for willful infringement under the Supreme Court's *Halo* standard, a plaintiff must not only allege facts that adequately show knowledge of the Asserted Patents, but must also allege facts that support a plausible inference that defendant engaged in the kind of conduct warranting enhanced damages under *Halo*, including that defendant's behavior "was 'egregious. . . beyond typical infringement." *Id*. (citing *Halo*, 136 S. Ct. at 1936); *see also Emazing Lights*, 2016 WL 7507765, at *2 ("'A 'bare recitation of the required legal elements for willful infringement' or a 'mere allegation, without more' that the Defendants knew of the patents-in-suit will not survive a Rule 12(b)(6) motion.'") (citing pleading standards set forth in *Twombly*, 550 U.S at 570, and *Iqbal*, 556 U.S. at 678); *Slot Speaker*, 2017 WL 4354999, at *2 (granting defendant's motion to dismiss willful infringement claim because the plaintiff did not plead any other factual allegations regarding the nature of the defendant's conduct except for ongoing sales).

Here, Plaintiff's post-suit willfulness allegations are limited to a single-sentence boilerplate conclusion, which is alleged on information and belief and includes zero supporting facts:

> On information and belief, Cisco has infringed and continues to infringe the Patents-in-Suit despite the objectively high likelihood that its actions constitute patent infringement.

Complaint ¶ 65.

There are no specific factual allegations relating to Cisco's behavior or state of mind that would suggest that Cisco's conduct is "egregious." *See id.* Because NetFuel has failed to make these specific factual allegations, its claim of *post-filing* willfulness should also be dismissed.

## V. ANY PRE-SUIT INDUCED INFRINGEMENT CLAIMS SHOULD BE DISMISSED

Plaintiff also alleges that Cisco actively induces infringement of the Patents-in-Suit, but Plaintiff's allegations are vague as to the time period of the alleged inducement—*i.e.*, whether the allegations are limited to post-suit inducement. Complaint ¶¶ 7–8, 22, 42, 58. To the extent that Plaintiff purports to plead *pre-suit* inducement, at least those claims must be dismissed. "The Supreme Court has held that 'induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.' As a result, inducement requires proof of knowledge of the relevant patent." *William Grecia v VUDU, Inc.*, 2015 WL 538486, at *6 (N.D. Cal. Feb. 9, 2015) (quoting *Global–Tech Appliances*, 131 S.Ct. at 2068) (internal citations omitted). Here, as described above, Plaintiff has not pled pre-suit knowledge of the Patents-in-Suit or any facts that could plausibly support pre-suit knowledge prior to service of the Complaint. *See* Section II.A. Since "there can be no inducement prior to knowledge of the patent," to the extent that Plaintiff purports to plead any pre-suit inducement, those claims, at a minimum, must be dismissed as a matter of law. *Grecia*, 2015 WL 538486, at *8; *see also Global–Tech Appliances*, 131 S.Ct. at 2068 (holding knowledge of the existence of the patent that is infringed is required for induced infringement).

## VI. CONCLUSION

For at least the foregoing reasons, Cisco respectfully requests the Court dismiss NetFuel's claims of willful infringement and any claims of pre-suit induced infringement.

DATED: June 25, 2018

Respectfully submitted,

*/s/ Sarah E. Piepmeier*

Adam R. Alper (SBN 196834)
Sarah E. Piepmeier (SBN 227094)
Robert Kang (SBN 274389)
May Eaton (SBN 298123)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
sarah.piepmeier@kirkland.com
adam.alper@kirkland.com
robert.kang@kirkland.com
may.eaton@kirkland.com
Telephone: (415) 439-1400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile: (415) 439-1500

Michael W. De Vries (SBN  211001)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
michael.devries@kirkland.com
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant Cisco Systems, Inc.*