UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETFUEL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>    Defendant. | Case No. 5:18-cv-02352-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S WILLFUL AND PRE-SUIT INFRINGMENT CLAIMS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 5:18-cv-2352-EJD |

Plaintiff NetFuel, Inc. ("Plaintiff") brings the action for patent infringement against Defendant Cisco Systems, Inc. ("Cisco" or "Defendant"). Presently before the Court is Cisco's Motion to Dismiss Plaintiff's complaint for failure to state a claim for willful and pre-suit induced patent infringement. This Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the moving, opposing, and reply papers for the motion, the Court GRANTS Cisco's Motion to Dismiss Plaintiff's willful and pre-suit induced infringement claims with leave to amend.

**I.      BACKGROUND**

NetFuel is a corporation organized and existing under the laws of Delaware and has its principal place of business in Los Gatos, California. Compl. ¶ 2. NetFuel was co-founded by James Harlow, inventor of U.S. Patent Nos. 7,747,730 (the "'730 Patent") and 9,662,659 (the "'659 Patent), both entitled "Managing Computer Network Resources" (collectively the "Patents-in-Suit"). *Id.* ¶ 9-10. The patents generally disclose systems, media, and methods for managing

computer networks by relying on software agents to partially automate certain network operations. *Id*. ¶ 13-16. Defendant Cisco is a corporation organized and existing under the laws of California, having its principal place of business in San Jose, California. *Id.* ¶ 4-5. Cisco develops and sells, among other things, computer networking, security, collaboration, and cloud-based technology products. *Id.*

On April 18, 2018, NetFuel filed this action in the United States District Court for the Northern District of California, San Jose Division. Plaintiff alleges direct, induced, and willful infringement of the '730 Patent (filed Jun. 28, 2002 and issued Jun. 29, 2010) and the '659 Patent (filed Oct. 10, 2012 and issued May 30, 2017). Compl. ¶ 9-10. In support of its induced and willful infringement claim, NetFuel alleges Cisco had actual knowledge of the existence of the Patents-in-Suit's pending patent applications since the early 2000s. *Id.* ¶ 44. Specifically, NetFuel alleges Cisco was made aware of its pending patent applications and technology during a 2001 presentation given by Mr. Harlow at the Imperial College of London, where Mr. Harlow presented NetFuel's technology and disclosed he was in the process of seeking patent protection. *Id.* Additionally, NetFuel alleges Cisco was subsequently made aware of the Patents-in-Suit's pending patent applications in early 2003, when Mr. Harlow and his business partner met with Dave Ward, then a Cisco fellow and currently a Cisco executive, where Mr. Harlow again presented NetFuel's innovations in software-defined networking and disclosed that he was seeking patent protection for his technology. *Id.* Finally, NetFuel pleads that Cisco had actual knowledge of the patents in suit at least by April 18, 2018, the date this suit was filed. *Id.* ¶ 48.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must be construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken as true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This rule does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* Under the Supreme Court's decisions in *Twombly* and *Iqbal*, this threshold requires that the complaint contains "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

### III. DISCUSSION

Cisco challenges NetFuel's allegations with respect to both willful and pre-suit induced infringement. The Court addresses each in turn.

#### A. WILLFUL INFRINGEMENT

Willful infringement is reserved for "egregious infringement behavior", which is typically described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate*." Halo Elecs., Inc. v. Pulse Elecs., Inc.*, __ U.S. __, 136 S. Ct. 1923, 1932 (2016)*.* "Determining willfulness is a highly fact-based endeavor." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 841147, at *9 (E.D. Tex. Mar. 3, 2017). In particular, willfulness turns on the subjective belief of the accused infringer, measured at the time of the challenged conduct. *Halo*, 136 S. Ct. at 1933 (The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."). Knowledge remains a key factor in this determination. *Id.*

The general rule in this district is that knowledge of a patent application alone is insufficient to meet the knowledge requirement for either a willful or induced infringement claim.

CASE NO.: 5:18-CV-02352-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S WILLFUL AND PRE-SUIT INFRINGMENT CLAIMS WITH LEAVE TO AMEND

3

*Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 1112, 1133 (N.D. Cal. 2018); *see also State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("[f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of the claims in patents that do issue will be is something totally unforeseeable."). To willfully infringe a patent, the patent must exist and one must have knowledge of it. *See Sealant Systems Intern., Inc. v. TEX Global*, No. C 11–00774 PSG, 2012 WL 13662, at *2 (N.D. Cal. Jan. 4, 2012).

Turning to NetFuel's claims, the Court agrees with Cisco that the allegations are insufficient. To support its willfulness claim NetFuel alleges that Cisco had actual knowledge of the Patents-in-Suit's pending patent application since the early 2000s. Compl. ¶ 44. Knowledge of a patent application alone is not sufficient to meet the requirement for willfulness. *See Software Research*, 2018 U.S. Dist. LEXIS 111468, at *39; *see also State Indus.*, 751 F.2d at 1236; *Sealant Systems Intern.*, 2012 WL 13662, at *2. Although Cisco may have known that Mr. Harlow was actively pursuing patent protection generally from its discussions with Mr. Harlow and his presentation at OpenSig 2001 in London, there is no allegation indicating Cisco saw the applications or that their respective claims were discussed in great length or detail with Cisco. Moreover, Cisco could not have known the extent of the claims presented to the USPTO in the '730 application until the patent issued in 2010 because the patent application included a non-publication request.[1]

The Complaint is replete with instances where Mr. Harlow discussed his technology and informed Cisco he was seeking patent protection. However, each of the allegations refers to instances in the 2000s occurring before either of the Patents-in-Suit existed. The Complaint lacks any allegation that Cisco had actual knowledge of the existence of the Patents-in-Suit and their

---

[1] Under Rule 201 of the Federal Rules of Civil Procedure, this court may take judicial notice of the '730 Patent's file history on its own, without a formal request by Cisco. Judicial notice of matters of public record, including administrative records and procedures are appropriate under Rule 201. *See e.g. Coinstar, Inc. v. CoinBank Automated Sys.*, 998 F. Supp. 1109, 1114 (N.D. Cal. 1998) (granting plaintiff's request for judicial notice of patent file histories).

CASE NO.: 5:18-CV-02352-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S WILLFUL AND PRE-SUIT INFRINGMENT CLAIMS WITH LEAVE TO AMEND
4

issuance before the filing and service of the Complaint. Even if this court were to follow the standard set forth in *WCM Industries, Inc. v. IPS Corp*, 721 F. App'x 959 (Fed. Cir. 2018) as NetFuel suggests, Cisco's knowledge of the Patents-in-Suit cannot be inferred from all the circumstances and is merely speculative. In *WCM*, the plaintiffs provided the jury much less attenuated instances of knowledge than that provided here. Thus, NetFuel does not sufficiently allege that the Cisco knew of the Patents-in-Suit.

The Court next considers whether Plaintiff has sufficiently stated a claim for willful infringement based on Defendant's post-suit conduct. Plaintiff's complaint certainly provides the Defendant with notice of the Patents-in-Suit and their allegations of infringement. A patentee, however, must have a good faith basis for alleging willful infringement at the time when the complaint is filed. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated by Halo*, 136 S. Ct. 1923 (citing Fed. R. Civ. Pro. 8, 11(b)). This district has recognized that "there can be no infringement of a patent, willful or otherwise, until the patent issues and the defendant learns of its existence and alleged infringement*." Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 U.S. Dist. LEXIS 89751, at *12 (D. Or. June 12, 2017). Therefore, a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. *Seagate*, 497 F.3d at 1374.

As discussed previously, Plaintiff has not established Defendant knew of the Patents-in-suit before this suit was filed. "The absence of any allegation of pre-filing knowledge of the patents is fatal to [plaintiff's] willful infringement claims." *Word to Info, Inc. v. Google, Inc.,* 140 F. Supp. 3d 986, 990 (N.D. Cal. 2015). Accordingly, for at least these reasons, Plaintiff has not sufficiently alleged willful infringement.

**B. PRE-SUIT INDUCED INFRIGEMENT**

The Defendant also moves to dismiss the Plaintiff's pre-suit induced infringement claim. To make out a claim for induced infringement, plaintiff must sufficiently allege that Cisco "actively induce[d] infringement of a patent." 35 U.S.C. § 271(b). Similar to willful infringement,

inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent. *Vita-Mix Corp. v. Basic Holding*, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009). The requisite intent can be shown by circumstantial evidence, but the Defendant's mere knowledge of possible infringement will not suffice. *Id.*

As discussed above, Plaintiff has not sufficiently pled that Defendant had pre-suit knowledge of the Patents-in-Suit. Mere knowledge of a pending application related to NetFuel's technology does not establish Defendant knew of the Patents-in-Suit and knowingly induced infringing acts. *See Boundaries Solutions Inc. v. Corelogic, Inc*, 2014 U.S. Dist. LEXIS 178454, at *6 (N.D. Cal. Dec. 30, 2014) (dismissing plaintiff's pre-suit infringement claims because plaintiff only claimed defendant knew plaintiff would likely file a patent application related to its technology). In *Boundaries*, the court noted that the Federal Circuit has never placed an affirmative duty on defendants to keep tabs on the progress of pending applications. *Id.* Likewise, the mere knowledge that Mr. Harlow was seeking patent protection does not constitute knowledge of the Patents-in-Suit.

## IV.     CONCLUSION

Based on the foregoing reasons, Cisco's Motion to Dismiss with respect to NetFuel's claims of willful and pre-suit induced infringement is GRANTED WITH LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: September 18, 2018

EDWARD J. DAVILA
United States District Judge