United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETFUEL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>    Defendant. | Case No. 5:18-cv-02352-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 119 |

On June 24, 2019, Magistrate Judge Cousins issued an order granting in part and denying in part NetFuel's motion to amend its infringement contentions. Dkt. No. 116 (the "Order"). Relevant here, Magistrate Judge Cousins denied NetFuel's request to add details regarding Cisco's Quality of Service ("QoS") feature. *Id.* at 3-4. NetFuel sought to identify Cisco's QoS Manager and Management Agent as additional software agents that infringe its patents. NetFuel now moves the court to modify the Order to permit NetFuel to identify those additional allegedly infringing agents under its original infringement theory. The motion is denied.

A court may reconsider a non-dispositive order by a magistrate judge where the order is "clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A). "The clear error standard allows the court to overturn a magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed. The magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citations and quotations omitted). NetFuel objects to the Order as having made clearly erroneous factual findings and relying on inapposite case law.

NetFuel argues that the Order's factual findings are clearly erroneous as follows: The Order found that the QoS Manager had been previously disclosed to the public, when in fact, it had not. Dkt. No. 119 at 3-5. Magistrate Judge Cousins reached this conclusion out of confusion arising from the fact that there are two "entirely different product[s] that happen to share the same name"—QoS Manager. *Id.* at 3. Cisco "misrepresented" that the QoS Manager referenced in the proposed amended contentions was public based on a document about the other publicly-disclosed QoS Manager (Dkt. No. 94-5). Dkt. No. 119 at 3. That other QoS Manager was discontinued in 2014, while the QoS Manager in the proposed amended contentions is still in use. Dkt. 119 at 3-4.

Assuming that NetFuel's representations about that specific product and the document are accurate, they are beside the point. Cisco's brief cites several other publicly available documents to show that the information supporting the proposed amended contentions was publicly available. *E.g.*, Dkt. No. 94-4 (a document entitled "Microwave ACM Signaling and EEM Integration," publicly available on Cisco's website); Dkt. No. 94-6 (a document entitled "IP Service Level Agreement (IP SLA)," publicly available at Cisco's website); Dkt. No. 94-8 (a document entitled "Cisco Systems Inc.'s Software Configuration Guide, IOS XE Denali 16.1x (Catalyst 3850 Switches)," publicly available on Cisco's website). The Order found that "NetFuel simply has not shown that it could not have discovered QoS-related information" at an earlier date. Dkt. No. 116 at 4. NetFuel has not shown that finding was clearly erroneous.

The Court further finds that the Order is not contrary to law. NetFuel contends that this case is analogous to *Delphix Corp. v. Actifio, Inc.*, where the court allowed a party to amend its contentions. 2015 WL 5693722 (N.D. Cal. Sept. 29, 2015). There, the opposing party had argued that the information supporting the amendment was publicly available, but that court disagreed on that point: "Delphix fails to identify where these documents purportedly disclose the technical information Actifio added to its contentions." *Id.* at *3. NetFuel argues that "Cisco likewise failed to identify where public documents disclose the information" contained in the proposed contentions. Dkt. 119 at 5. Cisco's argument would turn the applicable legal analysis on its head.

Case No.: 5:18-cv-02352-EJD
ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

2

Patent Local Rule 3-6 provides, "[a]mendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." Thus, it is the moving party's burden to show good cause. *See Delphix*, 2015 WL 5693722, at *2 ("The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence."). NetFuel's argument would impose upon Cisco the burden of showing the at-issue information was public. In other words, Cisco would have to show that NetFuel did not have good cause. NetFuel's argument misreads *Delphix* and is contrary to the law.

Accordingly, the motion is denied.

**IT IS SO ORDERED.**

Dated: July 31, 2019

_____
EDWARD J. DAVILA
United States District Judge