UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETFUEL, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC.,<br><br>              Defendant. | Case No. 5:18-cv-02352-EJD<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 269 |

Cisco's has filed an administrative motion seeking leave to file a second summary judgment motion. The administrative motion is denied.

In the Joint Case Management Statement filed one week in advance of the February 28, 2019 Case Management Conference, Cisco asked the Court to modify the pretrial schedule so that it could file an early motion for summary judgment on noninfringement (the "MSJ"). Dkt. No. 64 at 12. Cisco's proposed modification of the case schedule called for two periods for expert discovery, an early one for the noninfringement issue and the second for other matters. *Id.* at 12-14. In that Statement, NetFuel represented that it intended to amend its infringement contentions. *Id.* at 1. At the Case Management Conference, the Court warned that Cisco "proceed[ed] at their own peril." Hr'g. Tr. 140:22. Based on Cisco's representations, the Court, on April 11, 2019, modified the pretrial schedule so that Cisco could file the MSJ with the benefit of early expert discovery on noninfringement. Dkt. No. 72. On April 19, 2019, NetFuel served its warned-of amended infringement contentions. Dkt. No. 77-10 ¶ 6. In relevant part, the amended contentions sought to add an infringement theory based on the software feature EPFT. Dkt. No.

79 at 7. NetFuel moved to amend its contentions on May 14, 2019. Dkt. No. 79. NetFuel then filed the MSJ on June 21, 2019. Dkt. No. 114. The MSJ did not address the infringement theory based on EPFT. *Id.* Three days later, the assigned Magistrate Judge granted in part and denied in part the motion for leave to amend, allowing NetFuel to amend its contentions to include the EPFT infringement theory. Dkt. No. 116. The Court denied the MSJ. Dkt. No. 280. Cisco now seeks leave to file a second summary judgment motion; this one would seek summary judgment on the EPFT infringement theory.

Throughout this case, the Court's Standing Order for Civil Cases has limited parties to a single summary judgment motion. Standing Order § IV.A.1.[1] "Although successive motions for summary judgment are not categorically barred, they are generally disfavored in federal court." *Peasley v. Spearman*, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017) (quoting *AAA Flag & Banner Mfg. Co., Inc. v. Flynn Signs & Graphics, Inc.*, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010)). A court may exercise its discretion to consider a successive motion for summary judgment in certain circumstances, such as when new evidence or "an expanded factual record" becomes available. *Id.* (quoting *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)). Courts have applied a good cause standard when considering whether to entertain additional summary judgment motions. *Id.*

The core of Cisco's argument is that "[b]ecause NetFuel accused EPFT after Cisco filed its original summary judgment motion . . . Cisco could not have included EPFT in that motion." Mot. at 1. But, as discussed above, Cisco has been on general notice that NetFuel intended to amend its infringement contentions since at least February 21, 2019. Cisco learned that NetFuel sought to add the EPFT infringement theory on April 19, 2019. Despite that knowledge and the Court's warning, Cisco chose to file the MSJ when it did. Granted, the Court did not issue the order allowing NetFuel to add the EPFT infringement theory until three days after Cisco filed the

---

[1] On May 3, 2019, the Court issued an updated Standing Order for Civil Cases. The prior Standing Order for Civil Cases also limited parties to a single summary judgment motion.

1   MSJ, but that is a risk that Cisco accepted. "Because the timing of [Cisco's] motion was totally in

2   [Cisco's] hands, whatever limitations went along with that timing were of [Cisco's] own making."

3   *Bernstein v. Virgin Am., Inc*., 2017 WL 7156361, at *1 (N.D. Cal. Dec. 29, 2017). Cisco has not

4   shown good cause.

5        Additionally, allowing Cisco to file a second summary judgment motion would be unfairly

6   prejudicial to NetFuel. NetFuel represents that it has already expended considerable resources

7   defending against the MSJ. It would not be fair to force NetFuel to go through that process a

8   second time. *See H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*, 2018 WL 8648382, at *1 (S.D.

9   Cal. Nov. 5, 2018) ("To permit Plaintiffs a second bite at the apple at this late stage would . . . be

10  unfair to Defendants . . . .").

11       The Court denies Cisco's Administrative Motion for Leave to File a Second Motion for

12  Summary Judgment.

13       **IT IS SO ORDERED.**

14  Dated: January 31, 2020

15
                                            _____
16                                          EDWARD J. DAVILA
                                            United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28