UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NETFUEL, INC.,

        Plaintiff,

    v.

CISCO SYSTEMS INC.,

        Defendant.

Case No. 5:18-cv-02352-EJD

**ORDER DENYING MOTION TO STAY**

Re: ECF No. 251

Cisco has moved to stay this case pending *inter partes* review ("IPR") of one of the two patents in suit—U.S. Patent No. 9,663,659 (the "'659 Patent"). ECF No. 251. NetFuel opposed the motion. ECF Nos. 254, 266. Cisco filed a reply. ECF No. 261. The Court, on consideration of the papers, finds this issue to be suitable for resolution without oral argument under Civil Local Rule 7-1(b). The Court now denies Cisco's motion.

District courts have the inherent power to manage their dockets, including the discretion to stay cases before them. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). When a defendant in a patent infringement action petitions for IPR and then moves the district court to stay the proceedings, the district court should consider "(1) the stage of the case; (2) whether a stay will simplify the court proceedings; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 2015 WL 13727876, at *2 (N.D. Cal. Mar. 30, 2015) (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)). Courts have "no obligation to stay proceedings pending parallel litigation in the PTAB." *Space Data Corp. v. Alphabet Inc.*, 2019 WL 1131420, at *1 (N.D. Cal. Mar. 12, 2019). "While case law supplies these general considerations, the Court ultimately decides whether to issue a stay on a case-by-case basis." *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3539267, at *1 (N.D. Cal. July 23, 2018).

Case No.: 5:18-cv-02352-EJD
ORDER DENYING MOTION TO STAY

1

When considering the first factor, courts look at "whether parties have engaged in costly expert discovery and dispositive motion practice, whether the court has issued its claim construction order, and whether the court has set a trial date." *Space Data*, 2019 WL 1131420, at *2. If it is still early in proceedings, then a stay may save the parties and the court from the unnecessary expenditure of significant resources. *Asetek Holdings, Inc. v. Cooler Master Co.*, 2014 WL 1350813, at *3 (N.D. Cal. Apr. 3, 2014). But, where a party seeks a stay later in the proceedings, then there will be less benefit and greater risk of prejudice to the other party. *Id.* When Cisco filed the motion, the Court had already issued the claim construction order, Cisco had filed and briefed its motion for summary judgment, a trial date was set, discovery was complete, and expert discovery was underway. By the date that this motion was set for hearing, expert discovery had closed, the parties had spent significant resources on their experts, and they had filed the replies to their *Daubert* motions. Now, all that remains before pretrial submissions and procedures is the hearing on the *Daubert* motions and the parties' private ADR session. Trial is scheduled to begin in December. The advanced stage of this case weighs heavily against granting the motion. *See, e.g.*, *Space Data Corp.*, 2019 WL 1131420, at *2 (finding the first factor tilted against a stay where fact and expert discovery were closed and the court had issued summary judgment and claim construction orders); *Carl Zeiss A.G. v. Nikon Corp.*, 2018 WL 5081479, at *3 (C.D. Cal. Oct. 16, 2018) ("As of this date, the remaining matters are jury instructions, trial briefs, and the trial itself. . . . [T]his factor weighs strongly against a stay."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, 2015 WL 435457, at *2 (N.D. Cal. Feb. 2, 2015) (finding the first factor weighed against a stay where fact and expert discovery were still open and dispositive motions had not yet been briefed).

Cisco argues that the IPR may remove the '659 Patent from the case, which would streamline the litigation because the PTAB's analysis of the '659 Patent would provide guidance to the Court and the parties on to the remaining patent, because the IPR proceedings may raise estoppel issues, and because the outcome of the IPR will increase the odds that the parties will settle the case before trial. Given the late stage of this case, any benefit from the IPR simplifying

the issues would be relatively minor. Regardless of the outcome of the IPR, the other patent would remain in the case. And courts have recognized that "where only some of the patents-in-suit are subject to reexamination and the litigation presents issues not before the PTO, a stay is less appropriate." *Asetek Holdings*, 2014 WL 1350813, at *3. Moreover, the advanced stage of litigation reduces the benefit that would arise from waiting for the PTAB to complete the IPR. Because claim construction, fact discovery, expert discovery, and dispositive motions have all passed, "much . . . of the effort that could have been saved [by a stay] has already been expended." *Id.* at *4. The Court finds that the second factor is neutral.

In assessing the final factor—whether a stay will unduly prejudice or tactically disadvantage the nonmoving party—courts assess four subfactors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, 2019 WL 1905161, at *5 (N.D. Cal. Apr. 29, 2019). As to the timing of the petition, "accused infringers [are expected] to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *GoPro, Inc. v. C&A Mktg., Inc.*, 2017 WL 2591268, at *5 (N.D. Cal. June 15, 2017) (citing *Asetek*, 2014 WL 1350813, at *5). However, courts in this district have also recognized that "waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue prejudice." *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, 2017 WL 1316549, at *3 (N.D. Cal. Apr. 10, 2017) (quoting *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014)). Cisco petitioned for the IPR less than a week before its one-year deadline. *See* 35 U.S.C. § 315(b); *Cisco Sys., Inc. v. NetFuel, Inc.*, No. IPR2019-00992, Paper No. 2 (P.T.A.B. April 18, 2019); ECF No. 18. Cisco represents that it delayed filing the petition because it was waiting for NetFuel to amend its infringement contentions, which NetFuel had previously announced that it intended to do. NetFuel ultimately served its amended contentions the day after Cisco filed the petition. Cutri Ex. 3. Given the delays on both sides, the Court finds this subfactor to be neutral.

As to the timing of this motion, the PTAB decided to institute IPR proceedings on

November 7, 2019.  Cutri Ex. 1.  The parties filed their Joint Trial Setting Conference Statement on November 12, 2019, where Cisco indicated that it was considering filing the present motion. ECF No. 241 at 5.  Cisco filed this motion on December 9, 2019, roughly one month after the PTAB's decision.  Courts in the Northern District have recognized that moving for a stay one month after the PTAB institutes an IPR shows diligence that favors granting the stay.  *See, e.g.*, *Symantec*, 2018 WL 3539267, at *3.

The final two subfactors also favor Cisco.  On the third subfactor, the PTAB has instituted the IPR, which weighs in favor of a stay.  *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 958 (N.D. Cal. 2019).  And as to the fourth subfactor, NetFuel and Cisco are not competitors, which also tilts towards a stay.  *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2015 WL 1967878, at *4 (N.D. Cal. May 1, 2015).  On the whole, the third factor supports the motion.

Balancing the three factors, the Court finds that a stay is not warranted.  While the third factor favors a stay, the second factor is neutral and the first factor weighs heavily against a stay. The parties need only to argue their *Daubert* motions and engage in private ADR before the pretrial process begins in October.  The case is very nearly trial ready.  Cisco has cited no cases, and this Court is aware of none, where a court has granted a stay this late in the litigation.  The first factor outweighs the third.  The Court denies the motion.

**IT IS SO ORDERED.**

Dated: February 20, 2020

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California