UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETFUEL, INC.,<br>　　　　Plaintiff,<br>　v.<br>CISCO SYSTEMS INC.,<br>　　　　Defendant. | Case No. 5:18-cv-02352-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 304 |

On March 10, 2020, this Court granted Defendant's motion to strike portions of Plaintiff's expert reports. *See* Dkt. 293; *see also* Dkt. 301 (public unsealed copy of order). In this order, the Court declined to allow Plaintiff leave to file supplemental expert reports. Plaintiff argues this was an error and that its motion for leave to file a motion for reconsideration should be granted. NetFuel, Inc.'s Motion for Leave to File Motion for Reconsideration ("Recon. Mot."), Dkt. 304. The Court disagrees. Plaintiff has not presented adequate grounds for the Court to reconsider its earlier ruling. The Court thus **DENIES** Plaintiff's motion for leave to file a motion for reconsideration.

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7-9(b). Absent these three things, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*,

Case No.: 5:18-cv-02352-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
1

342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

While Plaintiff never expressly identifies what ground it rests its motion for reconsideration on, the Court believes it rests its argument on the second ground, *i.e.*, that the Court committed clear error and/or that the Court's initial decision was manifestly unjust. Plaintiff first argues that the Court granted Defendant's motion to strike "with prejudice" and that this was an error. Recon Mot. at 2. In Plaintiff's view, because Defendant never asked the Court to strike Plaintiff's expert reports "with prejudice," the Court erred by striking the reports with prejudice. *Id.* This argument is baffling. Nowhere in the Court's order does it use the term "with prejudice." Moreover, Plaintiff identifies *no case law* which states that courts lack the ability to dismiss expert reports "with prejudice." The Court is thus confused—what is the alleged error? Likewise, Plaintiff never identifies what injustice (if any) follows from striking an expert's report with prejudice. The Court does not understand Plaintiff's grounds for reconsideration.

Plaintiff next argues that the Court wrongly considered an argument raised for the first time in a reply brief. *See id.* (citing *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) (noting that arguments raised for the first time in a reply brief are waived). Plaintiff contends that Defendant "argued for the first time in its reply brief that the Court should grant its motion to strike *with prejudice*" and that, because of this, Plaintiff had no chance to respond to Defendant's new argument. Recon Mot. at 2. This argument is equally confusing. A cursory review of Plaintiff's opposition to Defendant's motion to strike reveals that Plaintiff put the issue of supplemental expert reports at issue. *See* Dkt. 276 at 25 n.13 (arguing that if the Court grants Defendant's motion to strike, it should do so without prejudice and allow Plaintiff to serve a supplemental expert report). Defendant responded to this footnote in its reply brief and argued that supplemental reports should *not* be allowed. The Court agreed with

Case No.: 5:18-cv-02352-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
2

Defendant's position and denied Plaintiff's request to file supplemental expert reports. Thus, Defendant's reply brief did not "raise an issue for the first time." Instead, the reply brief replied to an issue that Plaintiff raised; something Defendant was permitted to do.

Plaintiff further argues that the case law the Court relied on is inapposite. This case law, however, is neither new nor shows a "material change of law or fact." The caselaw Plaintiff cites in its request for reconsideration, while relevant to the initial question of supplemental briefing, does not show that the Court committed a clear error. That Plaintiff declined to fully brief its request to file supplemental expert reports is not grounds to permit the Court to review its earlier ruling. *See Carroll*, 342 F.3d at 945 (noting that reconsideration is an extraordinary remedy).

Plaintiff last argues that allowing supplemental expert reports would not disrupt the trial setting or the case schedule. Recon Mot. at 4. In Plaintiff's view, since the Parties' trial is not scheduled until December 2020 and its motions *in limine* are not due until October 1, 2020, supplemental expert reports would not delay the Parties or the Court. There are three problems with Plaintiff's argument. First, Plaintiff does not allege that the Court committed "clear error" by citing scheduling concerns. Second, it ignores the unfair burden this would place on Defendant—something the Court raised in its initial order. Defendant timely finished its expert report and already litigated the *extensive* deficiencies with Plaintiff's reports. Third, it does not address the Court's fear that allowing supplemental briefing would give Plaintiff a "second bite at the apple." Plaintiff's expert reports had significant deficiencies, which counsels against supplemental expert reports. Plaintiff fails to address this concern.

Plaintiff has failed to provide grounds for reconsideration. Accordingly, the Court **DENIES** Plaintiff's request for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: March 25, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02352-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
3