Sarah E. Piepmeier (SBN 227094)
Elise S. Edlin (SBN 293756)
May Eaton (SBN 298123)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
spiepmeier@perkinscoie.com
eedlin@perkinscoie.com
mayeaton@perkinscoie.com
Telephone:    (415) 344-7000
Facsimile:    (415) 344-7050

*Attorneys for Defendant Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NETFUEL, INC.,<br><br>　　　　　*Plaintiff*,<br>　　v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　　*Defendant*. | ) CASE NO. 5:18-cv-2352-EJD (NMC)<br>)<br>) **CISCO SYSTEMS, INC.'S**<br>) **OPPOSITION TO NETFUEL'S**<br>) **ADMINISTRATIVE MOTION FOR**<br>) **LEAVE TO FILE SUR-REPLY**<br>)<br>)<br>) |

CISCO'S OPPOSITION TO NETFUEL'S ADMIN
MOTION FOR LEAVE TO FILE SUR-REPLY

Case No. 5:18-cv-2352-EJD (NMC)

1     NetFuel's request for leave to file a sur-reply should be denied because Cisco did not raise new

2 arguments in its Reply brief.  There are three independent reasons to deny this request.

3     First, NetFuel alleges Cisco raised the following argument for the first time on reply: "Cisco

4 claims that it could not have known NetFuel intended to rely on the 2008 PlexOS license to BNP

5 Paribas because NetFuel disclosed licensing materials involving Bank of America rather than BNP

6 Paribas."  NetFuel's Admin. Mot. (Dkt. 318) at 2.  This assertion plainly overlooks the portion of

7 Cisco's Opening Motion devoted to this exact argument:

8       NetFuel's Preliminary and First Supplemental Damages Contentions contained only
       scant reference to PlexOS, NetFuel's now defunct product, and ***no express mention of***
9       ***the purported 2008 software license to BNP Paribas***. *See* Eaton Decl., Ex. 13
       (NetFuel's Prelim. Damages Contentions); *id.*, Ex. 14 (NetFuel's 10/3/2019 First Suppl.
10      Damages Contentions). Likewise, ***NetFuel's First Supplemental Response to***
       ***Interrogatory No. 15 regarding reasonable royalties identified six documents solely***
11      ***by their Bates numbers with no narrative description, including documents***
       ***concerning Bank of America, but did not describe or reference any description of a***
12      ***theory of recovery based on the purported 2008 license to BNP Paribas***. *See id.*, ¶ 6.
13

14 Cisco's Mot. (Dkt. 309) at 8 (emphasis added); *see also id.* at 3, 10–11.  Cisco not only made this

15 argument in its Motion, but also dedicated several paragraphs to why NetFuel's list of bates numbers

16 was insufficient to disclose its new royalty theory.  *Id.* at 8, 10–11.  Thus, this is not a proper subject

17 for a sur-reply.  *See e.g.*, *Sekera v. Allstate Ins. Co.*, 763 F. App'x 629, 632 (9th Cir. 2019) (affirming

18 district court's denial of sur-reply because defendant "did not introduce new arguments in its reply to

19 warrant the surreply").

20     Second, NetFuel implies that it was improper for Cisco to have "attache[d] a copy of a 2008

21 end user license agreement [EULA] for the first time as evidence."  Dkt. No. 318 at 2.  Cisco attached

22 bates no. NETFL0001162—a EULA with Bank of America—to rebut the incorrect claim in NetFuel's

23 Opposition that "[e]ach of these documents related to the 2008 PlexOS license to BNP Paribas NetFuel

24 had already disclosed in its original response [to Interrogatory No. 15].  ***The license agreement itself,***

25 ***which is what this interrogatory [no. 15] sought, was already disclosed in NetFuel's original***

26 ***response. See Ex. 8 (listing end user license agreement at NETFL00001162)***."  Opp. (Dkt. 313) at 4

27 (emphasis added); *see also id.* at 8.  That Cisco is rebutting the Opposition is clear, because its Reply

28 expressly cites to and disagrees with the relevant portion of NetFuel's Opposition when describing the

exhibit:

> ***NetFuel argues that Bates No. NETFL00001162 is a 2008 BNP Paribas license, but it is, in fact, an End User License Agreement between NetFuel and Bank of America*** that contains no terms of any agreement with BNP Paribas and states that BNP Paribas *would* have to execute a separate "software license agreement" with NetFuel "within a reasonable period of time. ***See Opp. at 4; Eaton Decl., Ex. 16 (NETFL00001162) at 4.*** NetFuel has yet to even produce this separate software license.

Cisco's Reply (Dkt. 316) at 9 n.3 (emphasis added).  Cisco's rebuttal of NetFuel's Opposition does not warrant a do-over for NetFuel, something which this Court already addressed in denying its Motion for Reconsideration of the Court's *Daubert* ruling.  *See* Order (Dkt. 305)  at 3 ("Thus, Defendant's reply brief did not 'raise an issue for the first time.' Instead, the reply brief replied to an issue that Plaintiff raised; something Defendant was permitted to do."); *see also Heil Co. v. Curotto Can Co.*, No. 04-1590 MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004) (denying defendant's request for leave to file a sur-reply where "[c]ontrary to defendant's argument, plaintiff's reply does not raise new legal arguments, but, rather, responds to legal arguments made in defendant's opposition"), *aff'd per curiam*, 163 F. App'x 908 (Fed. Cir. 2006).

Finally, NetFuel contends that it needs to address "incorrect factual assertions, as NetFuel's proposed surreply shows." Dkt. 318 at 2.  But the arguments that NetFuel seeks to introduce in its proposed sur-reply are all arguments it could have made in its Opposition—and none details an "incorrect factual assertion."  For example, NetFuel seeks to characterize documents it cites in its Preliminary Damages Contentions and its original response to Interrogatory No. 15 as purportedly suggesting "that Bank of America would transfer the PlexOS license to BNP Paribas."  Mot., Ex. 1, Proposed Sur-Reply (Dkt. 318-03) at 1–2.  Setting aside that this claim is wholly inaccurate, this is, as explained above, an argument directly responsive to Cisco's Opening Motion, where Cisco clearly stated that it could not divine from a handful of Bank of America documents that NetFuel would advance a royalty theory based on a separate (apparently non-existent) alleged software license agreement with BNP Paribas.  *See* Dkt. 309 at 8; *see also id.* at 3, 10–11.

For the forgoing reasons, Cisco respectfully requests that the Court decline NetFuel's request to file a sur-reply.  Should the Court permit NetFuel to file a sur-reply, Cisco respectfully requests the opportunity to submit a sur-sur-reply of equal length.

1

2    DATED:  June 26, 2020                          **PERKINS COIE LLP**

3
                                                    By: */s/ Sarah E. Piepmeier*
4                                                        Sarah E. Piepmeier (SBN 227094)
                                                         Elise S. Edlin (SBN 293756)
5                                                        May Eaton (SBN 298123)
                                                         PERKINS COIE LLP
6                                                        505 Howard Street, Suite 1000
                                                         San Francisco, California 94105
7                                                        spiepmeier@perkinscoie.com
                                                         eedlin@perkinscoie.com
8                                                        mayeaton@perkinscoie.com
                                                         Telephone: (415) 344-7000
9                                                        Facsimile: (415) 344-7050

10                                                  *Attorneys for Defendant Cisco Systems, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28